IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RACHEL AUMICK, Individually and on behalf of the Heirs at Law of SHANE AUMICK, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS COUNTY, MISSOURI, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 6:21-cv-03072-BP<br>)<br>)<br>)<br>) |

**DEFENDANTS CITY OF AVA, MISSOURI POLICE DEPARTMENT AND
KALEB BERKSHIRE'S PARTIAL MOTION TO DISMISS
AND SUGGESTIONS IN SUPPORT**

Defendants City of Ava, Missouri, Police Department and Kaleb Berkshire, by and through their undersigned counsel, and pursuant to Fed.R.Civ.P. 12(b)(6), hereby move this Court for an order dismissing some of the claims in this lawsuit for failure to state a claim upon which relief can be granted. Plaintiff's 42 U.S.C. Section 1983 claims against City of Ava, Missouri, Police Department fail because a police department is not an entity capable of being sued. Plaintiff's 42 U.S.C. Section 1983 claim against Defendant Berkshire in his official capacity is redundant of the claims against the City of Ava and therefore fails as a matter of law. Plaintiff's state law wrongful death claim against the City of Ava in Count III is barred by sovereign immunity. In support, these Defendants state as follows:

1

**Relevant Facts**

Plaintiff Rachel Aumick is the spouse of Shane Aumick. Doc. 1 at ¶ 5. Plaintiff's Complaint contains three counts relating to Shane Aumick's death. Doc. 1 at ¶ 1. Count I is a claim brought against Defendants pursuant to 42 U.S.C. Section 1983 for excessive force and denial of medical care. Doc. 1 at ¶¶ 82 – 111. Count II is also brought pursuant to 42 U.S.C. Section 1983 and is a claim for failure to implement appropriate policies, customs and practices, and failure to train, supervise and retain. Doc. 1 at ¶¶ 112 – 139. Count III is a claim for wrongful death brought pursuant to Missouri state law against all Defendants. Doc. 1 at ¶¶ 140 – 147.

In the caption of her Complaint, Plaintiff states she is suing the "City of Ava, Missouri Police Department." Doc. 1 at p. 1. Plaintiff also served the Police Department for the City of Ava. In the "Parties" section of the Complaint, Plaintiff states "Defendant City of Ava, Missouri ("City of Ava") is a political subdivision of the State of Missouri and operates the Police Department, located in Ava, Douglas County, Missouri." Doc. 1 at ¶ 8. Plaintiff also sues former Ava Police Officer Kaleb Berkshire. The Complaint states Officer Berkshire is "sued in both his individual and official capacities." Doc. 1 at ¶ 10.

**Argument**

I.  Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs.,LLC*, 799 F.3d 957, 960 (8th Cir. 2015). When deciding a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

II. <u>The City of Ava, Missouri Police Department is not a Suable Entity.</u>

The caption of Plaintiff's Complaint indicates she is suing the City of Ava, Missouri, Police Department, and that is who Plaintiff served. In the "Parties" section of her Complaint appears to be indicating Plaintiff is suing the City of Ava. Doc. 1 at ¶ 8; 9. At some places in the Complaint, Plaintiff refers to the City itself (Doc. 1 at ¶ 15; 90), while in other places she appears to be making claims against the City of Ava Police Department (Doc. 1 at ¶ 17; 76; 77; 90; 115-129; 132-134; 136).

To the extent Plaintiff is attempting to bring claims against the City of Ava Police Department, the claim is legally improper because police departments are not suable entities under Section 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th

3

Cir. 1992) (police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"). Therefore, any claim against the City of Ava Police Department must be dismissed as a matter of law.

   III.   <u>Plaintiff's Claims Against Officer Berkshire in his Official Capacity is Barred.</u>

Plaintiff is suing former City of Ava Police Officer Berkshire "in both his individual and official capacities." Doc. 1 at ¶ 10. But a Section 1983 claim against Officer Berkshire in his official capacity is actually a suit against the City of Ava itself. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer"); *Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Therefore, any Section 1983 claims against Officer Berkshire in his official capacity must be dismissed as duplicative of the Section 1983 claims against the City of Ava. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (proper to dismiss claims against city police officer sued in official capacity as redundant of claims against city).

   IV.   <u>Plaintiff's Wrongful Death Claim Against the City of Ava in Count III is Barred by Sovereign Immunity</u>.

In Count III, Plaintiff brings a Missouri state law wrongful death claim against all Defendants. But this claim against the City of Ava is barred by sovereign immunity. Sovereign immunity remains the "general rule" in Missouri, protecting public entities from liability for state tort law claims unless a specific exception applies. *Boever v. Special Sch.*

4

*Dist. of St. Louis Cnty.*, 296 S.W.3d 487, 491 (Mo. App. 2009); *Div. of Emp't Sec. v. Bd. of Police Comm'rs*, 864 F.3d 974, 981 (8th Cir. 2017) (stating that in the absence of one of the exceptions, sovereign immunity shields public entities from a wrongful death claim). It is Plaintiff's burden to plead facts showing that an exception to sovereign immunity applies. *Newsome v. Kansas City, Mo. Sch. Dist.*, 520 S.W.3d 769, 776 (Mo. 2017). Here, Plaintiff fails to plead any facts in the Complaint that any exception to sovereign immunity applies. As a result, Plaintiff fails to state a claim for relief against the City of Ava for wrongful death, and this claim should be dismissed as a matter of law.

WHEREFORE, for the foregoing reasons Defendants City of Ava, Missouri, Police Department and Kaleb Berkshire respectfully request this Court issue an order: 1) dismissing Plaintiff's 42 U.S.C. Section 1983 claims against the City of Ava, Missouri, Police Department; 2) dismissing Plaintiff's 42 U.S.C. Section 1983 claim against Defendant Berkshire in his official capacity; 3) dismissing Plaintiff's state law wrongful death claim against the City of Ava in Count III; and 4) for any other relief deemed just and proper under the circumstances.

Respectfully Submitted,

SCHREIMANN, RACKERS &
FRANCKA, L.L.C.

/s/ Ryan Bertels
Chris Rackers, #41894
Ryan Bertels, #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573/634-7580
573/635-6034 (facsimile)
cpr@srfblaw.com
rb@srfblaw.com

Attorneys for Defendants City of Ava
and Kaleb Berkshire

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon all parties of record, via the Court's filing system on April 6, 2021.

/s/ Ryan Bertels