## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

RACHEL AUMICK, Individually )
and on behalf of the Heirs at Law )
of SHANE AUMICK, Deceased, )
                               )
       Plaintiff, )
                               )
       v. )      Case No.: 6:21-cv-03072-BP
                               )
DOUGLAS COUNTY, MISSOURI, et al., )
                               )
       Defendants. )

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW Defendants City of Ava, Missouri, Police Department and Kaleb

Berkshire, by and through their undersigned counsel, and for their Answer to Plaintiff's

First Amended Complaint (Doc. 55) state as follows:

      1.     The allegations in Paragraph 1 are conclusions of law requiring no

response.

      2.     The allegations in Paragraph 2 are conclusions of law requiring no

response.

      3.     The allegations in Paragraph 3 are conclusions of law requiring no

response.

      4.     The allegations in Paragraph 4 are conclusions of law requiring no

response.

      5.     Defendants are without sufficient information to admit or deny the marital

status of Plaintiff, and therefore deny the same. The remainder of the allegations of

Paragraph 5 are conclusions of law requiring no response.

      6.     Defendants admit the allegations of Paragraph 6.

7.      Defendants deny the allegations of Paragraph 7.

8.      Defendants admit Defendant Kaleb Berkshire is a former police officer with the City of Ava Police Department.  Defendants deny Mr. Berkshire was a citizen and resident of Douglas County.  The remainder of the allegations of Paragraph 8 are conclusions of law requiring no response.

9.      Defendants are without sufficient information to admit or deny the allegations of Paragraph 9, and therefore deny the same.

10.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 10, and therefore deny the same.

11.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 11, and therefore deny the same.

12.     Defendants deny the allegations of Paragraph 12.

13.     Defendants deny the allegations of Paragraph 13.

14.     The allegations in Paragraph 14 are conclusions of law requiring no response.

15.     The allegations in Paragraph 15 are conclusions of law requiring no response.

16.     Defendants admit that on April 4, 2020, Officer Berkshire was dispatched to a report of a domestic in progress at 507 Pennington Avenue in Ava, Missouri. Defendants deny the remainder of the allegations of Paragraph 16.

17.     Defendants admit that Officer Berkshire made contact with Mari Aumick, who was covered in blood, and an elderly male, Houston Thomas, who had blood on his

hands and his shirt outside of the residence. Defendants deny the remainder of the allegations of Paragraph 17.

18. Defendants admit that Houston Thomas stated his stepson was inside the house with a knife and tried to kill them and was rampaging. These Defendants also admit Mr. Thomas stated his stepson was intoxicated and was not in the right frame of mind. These Defendants deny the remainder of the allegations of Paragraph 18.

19. Defendants admit that Shane Aumick burst out of the home brandishing a knife stating he was going to kill everyone, and that people were there trying to kill him. Defendants deny the remainder of the allegations of Paragraph 19.

20. Defendants admit that Officer Berkshire instructed Mr. Aumick to put the knife down many times. Defendants deny the remainder of the allegations of Paragraph 20.

21. Defendants admit that Officer Berkshire eventually disarmed the knife from Mr. Aumick after he swung it towards Officer Berkshire's face. Defendants admit the knife landed in the grass. Defendants deny the remainder of the allegations of Paragraph 21.

22. Defendants admit Mr. Aumick ran back into the residence after he was able to dislodge his arm from Officer Berkshire's grasp. Defendants deny the remainder of the allegations of Paragraph 22.

23. Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 23, and therefore deny the same.

3

24.    Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 24, and therefore deny the same.

25.    Defendants admit Officer Berkshire repeated his instructions at least three to four times.  Defendants admit Mr. Aumick walked toward the doorway with his hands approximately chest level, with his hands completely covered in blood.  Defendants deny the remainder of the allegations of Paragraph 25.

26.    Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 26, and therefore deny the same.

27.    Defendants admit Mr. Aumick was handcuffed.  Defendants deny the remainder of the allegations of Paragraph 27.

28.    Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 28, and therefore deny the same.

29.    Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 29, and therefore deny the same.

30.    Defendants deny the allegations of Paragraph 30.

31.    Defendants admit the allegations of Paragraph 31.

32.    Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 32, and therefore deny the same.

33.    Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 33, and therefore deny the same.

34.    Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 34, and therefore deny the same.

4

35.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 35, and therefore deny the same.

36.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 36, and therefore deny the same.

37.     Defendants admit Mr. Aumick was shouting incoherently.  Defendants deny the remainder of the allegations of Paragraph 37.

38.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 38, and therefore deny the same.

39.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 39 and therefore deny the same.

40.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 40, and therefore deny the same.

41.     Defendants deny the allegations of Paragraph 41.

42.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 42, and therefore deny the same.

43.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 43, and therefore deny the same.

44.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 44, and therefore deny the same.

45.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 45, and therefore deny the same.

46.     Defendants deny the allegations of Paragraph 46.

47.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 47, and therefore deny the same.

48.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 48, and therefore deny the same.

49.     Defendants deny the allegations of Paragraph 49.

50.     Defendants deny the allegations of Paragraph 50.

51.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 51, and therefore deny the same.

52.     Defendants deny the allegations of Paragraph 52.

53.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 53, and therefore deny the same.

54.     Defendants deny the allegations of Paragraph 54.

55.     Defendants deny the allegations of Paragraph 55.

56.     Defendants deny the allegations of Paragraph 56.

57.     Defendants deny the allegations of Paragraph 57.

58.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 58, and therefore deny the same.

59.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 59, and therefore deny the same.

60.     Defendants deny the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61.

62.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 62, and therefore deny the same.

63.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 63, and therefore deny the same.

64.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 64, and therefore deny the same.

65.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragxraph 65, and therefore deny the same.

66.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 66, and therefore deny the same.

67.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 67 and therefore deny the same.

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants deny the allegations of Paragraph 69.

70.     Defendants deny the allegations of Paragraph 70.

71.     Defendants deny the allegations against them contained in Paragraph 71. The remainder of the allegations in Paragraph 71 concern Defendants other than these Defendants and no response is required.

72.     Defendants deny the allegations against them contained in Paragraph 72. The remainder of the allegations in Paragraph 72 concern Defendants other than these Defendants and no response is required.

73.     Defendants deny the allegations against them contained in Paragraph 73. The remainder of the allegations in Paragraph 73 concern Defendants other than these Defendants and no response is required.

74.     Defendants deny the allegations of Paragraph 74.

75.     Defendants deny the allegations of Paragraph 75.

76.     Defendants deny the allegations of Paragraph 76.

77.     Defendants deny the allegations of Paragraph 77.

## Count I

78.     Defendants incorporate their responses to Paragraphs 1-77 as though fully set forth herein.

79.     The allegations in Paragraph 79 are conclusions of law requiring no response.

80.     Defendants deny the allegations of Paragraph 80.

81.     Defendants deny the allegations of Paragraph 81.

82.     Defendants deny the allegations of Paragraph 82.

83.     Defendants deny the allegations of Paragraph 83.

84.     Defendants deny the allegations of Paragraph 84.

85.     Defendants deny the allegations of Paragraph 85.

86.     The allegations in Paragraph 86 are conclusions of law requiring no response.

87.     The allegations in Paragraph 87 are conclusions of law requiring no response.

88.     Defendants deny the allegations of Paragraph 88.

89.     Defendants deny the allegations of Paragraph 89.

90.     Defendants deny the allegations of Paragraph 90.

91.     Defendants deny the allegations of Paragraph 91.

92.     Defendants deny the allegations of Paragraph 92.

93.     Defendants deny the allegations of Paragraph 93.

94.     Defendants deny the allegations of Paragraph 94.

95.     Defendants deny the allegations of Paragraph 95.

96.     Defendants deny the allegations of Paragraph 96.

97.     Defendants deny the allegations of Paragraph 97.

98.     Defendants deny the allegations of Paragraph 98.

99.     Defendants deny the allegations of Paragraph 99.

100.    Defendants deny the allegations of Paragraph 100.

101.    Defendants deny the allegations of Paragraph 101.

102.    Defendants deny the allegations of Paragraph 102.

103.    Defendants deny the allegations of Paragraph 103.

104.    Defendants deny the allegations of Paragraph 104.

105.    Defendants deny the allegations of Paragraph 105, including the allegations
in subparts (A) – (E) in the WHEREFORE clause following Paragraph 105.

## Count II

106.    Defendants incorporate their responses to Paragraphs 1-105 as though fully
set forth herein.

107.     Defendants deny the allegations of Paragraph 107.

108.     Defendants deny the allegations of Paragraph 108.

109.     Defendants deny the allegations of Paragraph 109.

110.     Defendants deny the allegations of Paragraph 110.

111.     Defendants, at this time, are without sufficient information to admit or deny the allegations of Paragraph 111, and therefore deny the same.

112.     Defendants deny the allegations of Paragraph 112.

113.     Defendants deny the allegations of Paragraph 113.

114.     Defendants deny the allegations of Paragraph 114.

115.     Defendants deny the allegations of Paragraph 115.

116.     Defendants deny the allegations of Paragraph 116.

117.     Defendants deny the allegations of Paragraph 117.

118.     Defendants deny the allegations of Paragraph 118.

119.     Defendants deny the allegations of Paragraph 119.

120.     Defendants deny the allegations of Paragraph 120.

121.     Defendants deny the allegations of Paragraph 121.

122.     Defendants deny the allegations of Paragraph 122.

123.     Defendants deny the allegations of Paragraph 123.

124.     Defendants deny the allegations of Paragraph 124.

125.     Defendants deny the allegations of Paragraph 125.

126.     Defendants deny the allegations of Paragraph 126.

127.     Defendants deny the allegations of Paragraph 127.

128. Defendants deny the allegations of Paragraph 128.

129. Defendants deny the allegations of Paragraph 129.

130. Defendants deny the allegations of Paragraph 130.

131. Defendants deny the allegations of Paragraph 131.

132. Defendants deny the allegations of Paragraph 132.

133. Defendants deny the allegations of Paragraph 132, including the allegations in subparts (A) – (E) of the WHEREFORE clause following Paragraph 132.

## COUNT III

134. Defendants incorporate their responses to Paragraphs 1-133 as though fully set forth herein.

135. The allegations in Paragraph 135 are conclusions of law requiring no response.

136. Defendants deny the allegations of Paragraph 136.

137. The allegations in Paragraph 137 are conclusions of law requiring no response.

138. Defendants deny the allegations of Paragraph 138.

139. Defendants deny the allegations of Paragraph 139.

140. Defendants deny the allegations of Paragraph 140.

141. Defendants deny the allegations of Paragraph 141, including the allegations in the WHEREFORE clause following Paragraph 141.

147.    [1]Defendants incorporate their responses to Paragraphs 1-141 as though fully set forth herein.

148.    Defendants deny the allegations of Paragraph 148.

149.    Defendants deny the allegations of Paragraph 149.

150.    Defendants deny the allegations of Paragraph 150.

151.    Defendants deny the allegations of Paragraph 151.

## GENERAL DENIAL

These Defendants hereby deny all allegations not expressly admitted herein.

## JURY DEMAND

These Defendants demand a jury trial of all issues of fact.

## AFFIRMATIVE DEFENSES

Defendants City of Ava, Missouri Police Department and Kaleb Berkshire, by and through their attorneys, and for their Affirmative Defenses applicable to all Counts of Plaintiff's First Amended Complaint state to the Court as follows:

1.    Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted or a Judgment sustained

2.    These Defendants deny the allegations made in Plaintiff's First Amended Complaint, but any actions were discretionary in nature and taken in good faith and Defendants are protected from liability by the doctrine of qualified immunity.

3.    Any action of these Defendants and/or their agents was reasonable under the circumstances and was justified and/or privileged.

---

[1] Plaintiff's First Amended Complaint skips from Paragraph 141 to Paragraph 147.

4.     Plaintiff's own conduct solely and proximately caused any damage.

5.     Plaintiff, by his own conduct, consented to any acts or omissions of these Defendants.

6.     Plaintiff is not entitled to an award of punitive damages against these Defendants in their official capacity, pursuant to the 11th Amendment of the United States Constitution, the Missouri Sovereign Immunity Statute, Section 537.600, RSMo., et seq. (including, but not limited to Section 537.610, RSMo.), and 42 U.S.C. § 1983.

7.     Plaintiff's claims are barred to the extent that the First Amended Complaint seeks damages under 42 U.S.C. Section 1983 against these Defendants upon the theory of respondent superior.

8.     These Defendants deny that punitive damages are submissible or appropriate, but further state that any award of punitive damages shall be limited by Section 510.265.1, RSMo.

9.     To the extent Plaintiff seeks punitive damages against these Defendants, these Defendants state: the substantive and procedural laws of the State of Missouri concerning the assessment and imposition of punitive damages are violative of the Fourteenth Amendment to the United States Constitution, in that unlimited jury and/or judicial discretion in the fixing of punitive damages invites extreme results which are unacceptable under the due process clause of the Fourteenth Amendment of the United States Constitution.  Under Missouri law, no reasonable constraints on the exercise of the jury's discretion in awarding punitive damages are furnished by jury instructions (or otherwise), in that the jury is not directed to consider relative factors in quantifying the

13

amount of punitive damages that may be awarded. The absence of directives to the jury to consider relative factors allows impermissible and unconstitutional vagueness and ambiguity in the jury instruction, deliberation and verdict. This vagueness and ambiguity in turn threaten to deprive these Defendants of their property without due process of law.

10.     To the extent Plaintiff seeks recovery of punitive damages, the imposition of such punitive damages under the facts of this case would be violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and in violation of Sections 2, 10, 15, 21 and 22(a) of Article I of the Constitution of the State of Missouri. Specifically, these Defendants state that the substantive laws of the State of Missouri concerning the assessment and imposition of punitive damages are unconstitutionally vague and arbitrary; that punitive damages alleged in this case are excessive punishment; and that punitive damages are impermissible under the Fourteenth Amendment to the United States Constitution in that they constitute a fundamental denial of due process of law.

11.     To the extent Plaintiff seeks recovery of punitive damages, the request for imposition of punitive damages against these Defendants are highly penal in nature, therefore triggering the protection of the aforesaid sections of the United States Constitution and the Constitution of the State of Missouri. Accordingly, the evidentiary burden of proof that Plaintiff must satisfy and fulfill as a condition precedent to the award of punitive damages should be that of "proof beyond a reasonable doubt."

12.     Any damages to Plaintiff's decent were caused, or contributed to be caused, by the fault of Plaintiff's decedent, and any recovery herein should be reduced according

to his own comparative fault. Specifically, Plaintiff's decedent was at fault in consuming intoxicants/illegal substances, brandishing a knife towards Officer Berkshire, threatening to shoot and kill Officer Berkshire and others present, and/or in such further respects as will become better known during discovery.

13.     Pursuant to Section 490.715 RSMo., there is a presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered.

14.     Any damages, which these Defendants deny, were caused, or contributed to be caused, by the intervening acts or omissions of persons or entities other than these Defendants over whom these Defendants had no control.

15.     These Defendants deny any liability to Plaintiffs, but state that any liability shall be limited by the provisions of Section 537.067, RSMo.

16.     Plaintiffs' claims against Defendant Berkshire are barred by the doctrine of Official Immunity, inasmuch as these Defendants, at all times relevant hereto, were acting in a discretionary capacity, and Plaintiffs allege Defendants were acting in a true emergency situation.

17.     Defendant Berkshire is protected from liability under the Public Duty Doctrine because at all times relevant hereto, he was performing a governmental function in compliance with their duties owed to the general public.

18.     These Defendants deny any liability to Plaintiff, but state that any liability shall be limited by the provisions of Section 538.210, RSMo.

15

19.     Plaintiff's claim is barred by sovereign immunity (see Section 537.600, RSMo.).  The purchase of insurance did not waive sovereign immunity pursuant to an endorsement of the policy which explicitly disclaims any such waiver.

20.     Any liability is limited by Section 537.610, RSMo.

21.     These Defendants affirmatively state that any injury was the direct and proximate result of pre-existing medical or physical conditions or the treatment necessitated by those conditions.

22.     These Defendants hereby specifically request, pursuant to Section 538.220, RSMo., that in the event future damages are awarded against these Defendants that such damages be paid in whole or in part in periodic or installments payments if the award of damages in the action exceeds $100,000.00 and that the Judgment ordering the periodic or installment payment specify a future periodic payment schedule which shall include the recipient, the amount of each payment, the interval between payments, and the number of payment in conformity with the evidence of life expectancy presented at trial.

23.     Plaintiffs have alleged that multiple actors may be liable for injuries and if any party or parties have made payment or settlement to Plaintiff prior to trial then in accordance with 537.060, RSMo. the amount of any such payment or consideration made by any party or non-party should be treated as a payment or satisfaction, or partial payment and satisfaction of the damages claimed herein by Plaintiff for which these Defendants should receive credit towards satisfaction of any damages Plaintiff might be awarded against Defendants, and that the amount of such payment or consideration shall be set off against any Judgment that might be entered against these Defendants.

16

24.     These Defendants incorporate any other affirmative defense plead by any other defendant in this case which may apply to them.

WHEREFORE, having answered Plaintiffs' First Amended Petition, Defendants City of Ava, Missouri Police Department and Kaleb Berkshire pray that the same be dismissed, allowing them to go hence with their costs herein, and for such further relief as the Court deems just and proper in the premises.

Respectfully Submitted,

SCHREIMANN, RACKERS &
FRANCKA, L.L.C.

/s/ Ryan Bertels
Chris Rackers, #41894
Ryan Bertels, #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573-634-7580
573-635-6034 (facsimile)
cpr@srfblaw.com
rb@srfblaw.com

Attorneys for Defendant City of Ava, Missouri Police Department and Kaleb Berkshire

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon all parties of record, via the Court's filing system on July 27, 2021.

/s/ Ryan Bertels

17