# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

RACHEL AUMICK, Individually and on )
behalf of the Heirs at Law of SHANE )
AUMICK, Deceased, )
                     )
        **Plaintiff,** )
                     )     **Case No. 6:21-cv-03072-BP**
    **vs.** )
                     )
CITY OF AVA, MISSOURI, POLICE )
DEPARTMENT, OFFICER. KALEB )
BERKSHIRE, LESTER E. COX )
MEDICAL CENTERS d/b/a )
COXHEALTH CENTER AVA, and )
STEPHEN WOOD, )
                     )
      **Defendants.** )

## DEFENDANTS LESTER E. COX MEDICAL CENTERS D/B/A COXHEALTH CENTER AVA AND STEPHEN WOOD'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**COME NOW** Defendants, Lester E. Cox Medical Centers d/b/a CoxHealth Center Ava and Stephen Wood, by and through counsel, Hyde, Love & Overby, LLP, and for their Answer to Plaintiff's First Amended Complaint, states as follows:

### INTRODUCTION

1.     Defendants deny the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint.

### JURISDICTION AND VENUE

2.     Defendants deny the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.

3.     Defendants deny the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

1

4. Defendants deny the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

## PARTIES

5. Defendants are without sufficient information or belief and therefore deny Paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendants admit that City of Ava, Missouri is a political subdivision of the State of Missouri and that it operates a police department in Ava, Douglas County, Missouri. Defendants deny any and all remaining allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7. Defendants admit that the City of Ava is a political subdivision of the State of Missouri but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint and therefore deny.

8. Defendants admit that Kaleb Berkshire was a police officer employed by the City of Ava. Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint and therefore deny.

9. Defendants admit that Lester E. Cox Medical Centers d/b/a CoxHealth Center Ava is a Missouri corporation organized and existing under the laws of the State of Missouri. Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint and therefore deny.

10. Defendants admit that Defendant Stephen Wood is a resident of the State of Missouri and is employed as a paramedic by Defendant Cox. Defendants deny any and all remaining allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

2

11.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint and therefore deny.

12.     Defendants deny the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

## **FACTS**

16.     Defendants admit that on or about April 4, 2020, Defendant Berkshire responded to a domestic call in Ava, Missouri. Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint and therefore deny.

17.     Defendants admit that Defendant Berkshire made contact with Decedent's mother and step-father but are without sufficient information or belief as to the remaining allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint and therefore deny.

18.     Defendants admit that Decedent's step-father stated Decedent was inside the home, was intoxicated and not in the right state of mind and was acting wildly. Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint and therefore deny.

3

19.     Defendants admit that Decedent came outside the house and stated he was going to kill everyone and that he possessed a knife.  Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint and therefore deny.

20.     Defendants admit that Defendant Berkshire commanded Decedent to put down the knife many times.  Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint and therefore deny.

21.     Defendants admit that Decedent attempted to attack Defendant Berkshire with the knife and that Defendant Berkshire was able to dispossess Decedent of the knife and that it laid in the grass nearby. Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint and therefore deny.

22.     Defendants admit that Decedent was able to reenter the residence but  Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint and therefore deny.

23.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint and therefore deny.

24.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint and therefore deny.

25.     Defendants admit that Defendant Berkshire repeated his instructions to Decedent multiple times and that Decedent walked toward the doorway with his arms slightly raised. Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint and therefore deny.

4

26.     Defendants admit that Decedent was commanded to turn around and put his hands behind his back but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint and therefore deny.

27.     Defendants admit that Decedent was handcuffed but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint and therefore deny.

28.     Defendants admit that Decedent was on the porch steps but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint and therefore deny.

29.     Defendants admit that Defendant Berkshire requested the assistance of an ambulance but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint and therefore deny.

30.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint and therefore deny.

31.     Defendants admit that Decedent stated he was bleeding from his hands when asked by Defendant Berkshire. Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint and therefore deny.

32.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint and therefore deny.

33.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint and therefore deny.

34.     Defendants admit that Defendant Berkshire asked Plaintiff's mother and step-father what Decedent was on and there was mention that he had consumed vodka but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint and therefore deny.

35.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint and therefore deny.

36.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint and therefore deny.

37.     Defendants admit that Decedent made incoherent statements and yelled wildly but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint and therefore deny.

38.     Defendants admit that Defendant Berkshire attempted to calm Decedent down but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint and therefore deny.

39.     Defendants admit that Decedent groaned and yelled and made incoherent statements from the bodycam footage but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint and therefore deny.

40.     Defendants admit that at some point Defendant Berkshire moved his patrol car and that Decedent was on the porch but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint and therefore deny.

6

41.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint and therefore deny.

42.     Defendants admit that Decedent mentioned family members and that Defendant Berkshire attempted to calm him down but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint and therefore deny.

43.     Defendants admit that Defendant Berkshire discussed an ambulance with dispatch but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint and therefore deny.

44.     Defendants admit that Decedent continued to make statements that are unintelligible from the bodycam footage but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint and therefore deny.

45.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint and therefore deny.

46.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint and therefore deny.

47.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint and therefore deny.

48.     Defendants admit that Decedent continued to make statements and noises and Defendant Berkshire instructed Decedent to stop on multiple occasions. Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint and therefore deny.

7

49. Defendants are without sufficient information or belief as to the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint and therefore deny.

50. Defendants are without sufficient information or belief as to the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint and therefore deny.

51. Defendants are without sufficient information or belief as to the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint and therefore deny.

52. Defendants are without sufficient information or belief as to the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint and therefore deny.

53. Defendants are without sufficient information or belief as to the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint and therefore deny.

54. Defendants are without sufficient information or belief as to the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint and therefore deny.

55. Defendants are without sufficient information or belief as to the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint and therefore deny.

56. Defendants are without sufficient information or belief as to the allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint and therefore deny.

57. Defendants are without sufficient information or belief as to the allegations contained in Paragraph 57 of Plaintiff's First Amended Complaint and therefore deny.

58. Defendants are without sufficient information or belief as to the allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint and therefore deny.

59. Defendants admit that noises can be heard on the bodycam footage but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint and therefore deny.

8

60.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint and therefore deny.

61.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 61 of Plaintiff's First Amended Complaint and therefore deny.

62.     Defendants admit that Defendant Wood inquired of Defendant Berkshire as to Decedent's status but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 62 of Plaintiff's First Amended Complaint and therefore deny.

63.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 63 of Plaintiff's First Amended Complaint and therefore deny.

64.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 64 of Plaintiff's First Amended Complaint and therefore deny.

65.     Defendants are without sufficient information or belief as to the allegations contained in Paragraph 65 of Plaintiff's First Amended Complaint and therefore deny.

66.     Defendants admit that Defendants Wood and Berkshire began numerous and vigorous attempts at saving Decedent's life and that additional emergency medical personnel assisted in the same. Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 66 of Plaintiff's First Amended Complaint and therefore deny.

67.     Defendants admit that Decedent was pronounced dead on April 4, 2020 but Defendants are without sufficient information or belief as to the remaining allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint and therefore deny.

68.     Defendants deny the allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint.

9

69.     Defendants deny the allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of Plaintiff's First Amended Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of Plaintiff's First Amended Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of Plaintiff's First Amended Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of Plaintiff's First Amended Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of Plaintiff's First Amended Complaint.

## COUNT I:
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983

78.     Defendants restate and reallege each and every admission, denial, and allegation contained in Paragraphs 1 through 77 as though fully set forth herein.  The allegations in Count I are not directed at these Defendants and/or Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required.  To the

10

extent that the allegations contained in Paragraph 78 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 78 of Plaintiff's First Amended Complaint.

79. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 83 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 79 of Plaintiff's First Amended Complaint.

80. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 80 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 80 of Plaintiff's First Amended Complaint.

81. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 81 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 81 of Plaintiff's First Amended Complaint.

82. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 82 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 82 of Plaintiff's First Amended Complaint.

11

83.     The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required.  To the extent that the allegations contained in Paragraph 83 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 83 of Plaintiff's First Amended Complaint.

84.     The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required.  To the extent that the allegations contained in Paragraph 84 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 84 of Plaintiff's First Amended Complaint.

85.     The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required.  To the extent that the allegations contained in Paragraph 85 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 85 of Plaintiff's First Amended Complaint.

86.     The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52  and therefore no response should be required.  To the extent that the allegations contained in Paragraph 86 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 86 of Plaintiff's First Amended Complaint.

87.     The allegations in Count I are not directed at these Defendants and/or Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required.  To the extent that the allegations contained in Paragraph 87

implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 87 of Plaintiff's First Amended Complaint.

88.     The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 88 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 88 of Plaintiff's First Amended Complaint.

89.     The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 89 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 89 of Plaintiff's First Amended Complaint.

90.     The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 90 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 90 of Plaintiff's First Amended Complaint.

91.     The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 91 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 91 of Plaintiff's First Amended Complaint.

13

92. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 92 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 92 of Plaintiff's First Amended Complaint.

93. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 93 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 93 of Plaintiff's First Amended Complaint.

94. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 94 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 94 of Plaintiff's First Amended Complaint.

95. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 95 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 95 of Plaintiff's First Amended Complaint.

96. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph

96 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 96 of Plaintiff's First Amended Complaint.

97. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 97 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 97 of Plaintiff's First Amended Complaint.

98. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 98 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 98 of Plaintiff's First Amended Complaint.

99. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 99 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 99 of Plaintiff's First Amended Complaint.

100. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 100 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 100 of Plaintiff's First Amended Complaint.

101. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 101 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 101 of Plaintiff's First Amended Complaint.

102. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 102 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 102 of Plaintiff's First Amended Complaint.

103. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 103 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 103 of Plaintiff's First Amended Complaint.

104. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 104 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 104 of Plaintiff's First Amended Complaint.

105. The allegations in Count I are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph

105 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 105 of Plaintiff's First Amended Complaint.

**WHEREFORE,** having fully answered Count I of Plaintiff's First Amended Complaint, Defendants pray to be discharged herefrom, together with their costs herein incurred, and for such further and additional relief as the Court may deem just and proper.

**COUNT II:**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (Failure to Implement Appropriate Policies, Customs, and Practices and Failure to Train, Supervise and Retain)**

106.    Defendants restate and reallege each and every admission, denial, and allegation contained in Paragraphs 1 through 105 as though fully set forth herein. The allegations in Count II are not directed at these Defendants and/or Defendants have been dismissed by the Court from this Count and therefore no response should be required. To the extent that the allegations contained in Paragraph 106 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 106 of Plaintiff's First Amended Complaint.

107.    The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 107 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 107 of Plaintiff's First Amended Complaint.

108.    The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52  and therefore no response should be required. To the extent that the allegations contained in Paragraph 108 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 108 of Plaintiff's First Amended Complaint.

109.    The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 109 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 109 of Plaintiff's First Amended Complaint.

110.    The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 110 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 110 of Plaintiff's First Amended Complaint.

111.    The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 111 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 111 of Plaintiff's First Amended Complaint.

112.    The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 112 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 112 of Plaintiff's First Amended Complaint.

113.    The allegations in Count II are not directed at these Defendants and/ these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph

18

113 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 113 of Plaintiff's First Amended Complaint.

114. The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 114 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 114 of Plaintiff's First Amended Complaint.

115. The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 115 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 115 of Plaintiff's First Amended Complaint.

116. The allegations in Count II are not directed at these Defendants and/ these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 116 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 116 of Plaintiff's First Amended Complaint.

117. The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 117 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 117 of Plaintiff's First Amended Complaint.

118.     The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 118 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 118 of Plaintiff's First Amended Complaint.

119.     The allegations in Count II are not directed at these Defendants and/ these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 119 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 119 of Plaintiff's First Amended Complaint.

120.     The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 120 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 120 of Plaintiff's First Amended Complaint.

121.     The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 121 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 121 of Plaintiff's First Amended Complaint.

122.     The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph

122 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 122 of Plaintiff's First Amended Complaint.

123.    The allegations in Count II are not directed at these Defendants and/ these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 123 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 123 of Plaintiff's First Amended Complaint.

124.    The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 124 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 124 of Plaintiff's First Amended Complaint.

125.    The allegations in Count II are not directed at these Defendants and/ these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 125 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 125 of Plaintiff's First Amended Complaint.

126.    The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 126 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 126 of Plaintiff's First Amended Complaint.

127. The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 127 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 127 of Plaintiff's First Amended Complaint.

128. The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 128 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 128 of Plaintiff's First Amended Complaint.

129. The allegations in Count II are not directed at these Defendants and/ these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 129 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 129 of Plaintiff's First Amended Complaint.

130. The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 130 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 130 of Plaintiff's First Amended Complaint.

131. The allegations in Count II are not directed at these Defendants and/ these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph

131 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 131 of Plaintiff's First Amended Complaint.

132.    The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 132 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 132 of Plaintiff's First Amended Complaint.

133.    The allegations in Count II are not directed at these Defendants and/or these Defendants have been previously dismissed by the Court from this Count pursuant to Doc. 52 and therefore no response should be required. To the extent that the allegations contained in Paragraph 133 implicate causes of action alleged and pending against these Defendants, Defendants deny the allegations in Paragraph 133 of Plaintiff's First Amended Complaint.

**WHEREFORE,** having fully answered Count II of Plaintiff's First Amended Complaint, Defendants pray to be discharged herefrom, together with their costs herein incurred, and for such further and additional relief as the Court may deem just and proper.

<u>**COUNT III:**</u>
<u>**Wrongful Death**</u>

134.    Defendants restate and reallege each and every admission, denial, and allegation contained in Paragraphs 1 through 133 as though fully set forth herein.

135.    Defendants deny the allegations contained in Paragraph 135 of Plaintiff's First Amended Complaint.

136.    Defendants deny the allegations contained in Paragraph 136 of Plaintiff's First Amended Complaint.

23

137. Defendants deny the allegations contained in Paragraph 137 of Plaintiff's First Amended Complaint. Defendants admit that, as medical providers, they were required to provide medical care to Decedent that is commensurate with the providers' professional standard of care.

138. Defendants deny the allegations contained in Paragraph 138 of Plaintiff's First Amended Complaint.

139. Defendants deny the allegations contained in Paragraph 139 of Plaintiff's First Amended Complaint.

140. Defendants deny the allegations contained in Paragraph 140 of Plaintiff's First Amended Complaint.

141. Defendants deny the allegations contained in Paragraph 141 of Plaintiff's First Amended Complaint.

**WHEREFORE,** having fully answered Count III of Plaintiff's First Amended Complaint, Defendants pray to be discharged herefrom, together with their costs herein incurred, and for such further and additional relief as the Court may deem just and proper.

## <u>INJURIES AND DAMAGES</u>

147 [sic]. Defendants restate and reallege each and every admission, denial, and allegation contained in this Answer as though fully set forth herein.

148 [sic]. Defendants deny the allegations contained in Paragraph 143 of Plaintiff's First Amended Complaint.

149 [sic]. Defendants deny the allegations contained in Paragraph 144 of Plaintiff's First Amended Complaint.

150 [sic]. Defendants deny the allegations contained in Paragraph 145 of Plaintiff's First Amended Complaint.

24

151 [sic].     Defendants deny the allegations contained in Paragraph 146 of Plaintiff's First Amended Complaint.

**WHEREFORE,** having fully answered Injuries and Damages of Plaintiff's First Amended Complaint, Defendants pray to be discharged herefrom, together with their costs herein incurred, and for such further and additional relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

1.     Defendants deny each and every allegation contained in Plaintiff's First Amended Complaint not expressly admitted herein.

2.     Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against these Defendants.

3.     Chapter 538 RSMo. Statutes apply to this cause of action including, but not limited to, the provisions of Sections 538.210 and 538.215, limiting the amount of non-economic damages recoverable by Plaintiff and Section 538.220 regarding periodic payment of future damages.

4.     Defendants are entitled to the application of 537.060 RSMo. in the event of any release, covenant not to sue, or other agreement between Plaintiff and any parties to this action or between Plaintiff and any non-party tortfeasors.

5.     Defendants are entitled to the application of Section 490.715 RSMo. including its presumption of the value of Plaintiff's medical treatment is the amount necessary to satisfy the obligation to the medical providers.

6.     Defendants hereby notify the Court and all parties that it intends to rely upon and obtain the benefits of Chapters 537 and 538 RSMo.

7.  Defendants are entitled to the application of Section 537.067 RSMo. regarding joint and several liability for Defendants who are found to be less than fifty-one percent (51%) at fault and fault, which Defendants deny, should be apportioned by the factfinder amongst the Defendants.

8.  Defendants hereby affirmatively adopt and incorporate by reference as if set forth fully herein each and every Affirmative Defense alleged by each and every Co-Defendant.

9.  All of Defendants' conduct alleged in Plaintiff's First Amended Complaint and at issue in this case were reasonable, justified, and/or privileged under the circumstances.

10.  Defendants affirmatively allege that to the extent that the negligence of any other person, partnership, corporation, or entity caused or contributed to cause the damages sought in this lawsuit, any such causal negligence and/or fault on a comparative basis, bars or diminishes Plaintiff's right of recovery against these Defendants, if any, and further entitles Defendants to contributions and/or indemnity against other Defendants, parties, tortfeasors, and/or others not a party to this lawsuit.

11.  To the extent that Plaintiff sustained damages for injuries that were caused in whole or part by others over which Defendants have no control, and for which Defendants are not responsible, Defendants request the Court for an apportionment of fault, via application of RSMo. §537.067 and the application of Chapter 538 RSMo.

12.  Plaintiff's claims for punitive damages are unconstitutional and the recovery of punitive damages in this case would violate Defendants' constitutional rights under the 6, 8, and 14th Amendments of the Constitution of the United States and similar provisions contained in the Constitution of the State of Missouri.

13.  Defendant are hereby entitled to the application of RSMo. §563.051.1-.4 in that Defendant Wood was directed by Defendant Berkshire, a law enforcement officer, to assist Defendant

26

Berkshire in arresting, preventing escape by, and restraining Decedent and that all force used by Defendant Wood was based upon a reasonable belief his conduct was necessary to comply with Defendant Berkshire's instruction and that all of Defendant Wood's conduct was justified and reasonable. Defendants hereby invoke RSMo. §563.051.1-.4 and §563.074.1-.2 and seek attorneys fees, Court costs, and reasonable expenses incurred herein.

14. Plaintiff's First Amended Complaint fails to adequately state a claim for and allege a basis for punitive damages against Defendants pursuant to RSMo. §538.210.8 in that there are no allegations showing Defendants intentionally caused damages to Decedent or Plaintiff or demonstrated malicious misconduct causing damages to Decedent or Plaintiff and because Plaintiff has failed to comply with the procedure for and standard for asserting punitive damages contained in RSMo. §510.261.1-.9. Defendants further allege that any award of punitive damages should be limited pursuant to RSMo. §510.265.1(1)-(2).

15. Defendants seek an award of costs and attorney's fees as a prevailing party under 42 U.S.C. §1988.

16. Defendant reserves the right to plead additional defenses.

HYDE, LOVE & OVERBY, LLP

By: _____
KENT O. HYDE
Missouri Bar No. 32088
TYLER R. STRODTMAN
Missouri Bar No. 61064
1121 South Glenstone
Springfield, MO 65804
Telephone: 417-831-4046
Facsimile: 417-831-4989
kent@hydeloveoverby.com
tyler@hydeloveoverby.com
*Attorneys for Defendants CoxHealth and*
*Stephen Wood*

27

## CERTIFICATE OF SERVICE

I hereby certify that on 30th day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

*Interested Parties:*

Lauren Perkins Allen, Esq.
Lauren Allen, LLC
4717 Grand Avenue, Suite 130
Kansas City, MO 64108
lpa@laurenallenllc.com

**Attorney for Plaintiff**


Chris Rackers, Esq.
Ryan Bertels, Esq.
Schreimann, Rackers & Francka, L.L.C.
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
cpr@srfblaw.com
rb@srfblaw.com
**Attorneys for City of Ava, Missouri and Kaleb Berkshire**

Tyler R. Strodtman