IN IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RACHEL AUMICK, Individually and on behalf of the Heirs at Law of SHANE AUMICK, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 6:21-cv-03072-BP |
| CITY OF AVA, MISSOURI, et al., | ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS CITY OF AVA, MISSOURI AND BERKSHIRE'S DAUBERT MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF HUGH MILLS AND SUGGESTIONS IN SUPPORT**

Defendants City of Ava, Missouri and Kaleb Berkshire, (collective referred to herein as "Ava Defendants"), by and through their attorneys, and pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1973), respectfully move this Court for an Order in Limine prohibiting Plaintiff's expert witnesses Hugh Mills from offering certain opinions in this matter against the Ava Defendants. Mr. Mill's offers two opinions in this case which will not assist the trier of fact on any issue in the case and attempts to improperly opine on the credibility of a witness. In support of this motion, the Ava Defendants state as follows:

**Relevant Facts**

1. Plaintiff's First Amended Complaint brings claims of excessive force, denial of medical care, failure to train and supervise, and wrongful death against the Ava Defendants. See Doc. 55.

1

2. Pursuant to this Court's scheduling order, Plaintiff filed a Designation of Expert Witnesses designating, among others, Colonel Hugh Mills. Exhibit A.

3. Colonel Hugh Mills provided a report in this matter. *See* Exhibit B. His report states he will offer testimony about the actions of Kaleb Berkshire regarding the interaction with Shane Aumick.

4. In his report, Colonel Mills opines that Officer Berkshire says he drew his weapon and ordered Mr. Aumick to disarm, but Mr. Aumick did not comply. He then notes that Officer Berkshire says he decided to re-holster his firearm and disarm a knife from Mr. Aumick by hand with one hand which "is implausible" to Mills Exhibit B at p 2.

5. In his deposition, Colonel Mills explained that he had no idea on what training Officer Berkshire may have received in the military regarding the disarming of a suspect. Exhibit C (deposition of Hugh Mills), p. 49, line 21 - p. 51, line 19.

6. Mr. Mills also testified that it was his belief Officer Berkshire was surprised there was a knife involved when he interviewed a witness to the event, Houston Thomas. Exhibit 3, p. 52, line 5-14; Exhibit 2 at page 2.

7. Mr. Mills opines that he believes Mr. Thomas speaking about a knife being involved was news to Officer Berkshire when it should not have been since Officer Berkshire admitted he had removed the knife and thrown it in the yard. Exhibit 3, p. 52, line 18 – p. 53, line 10.

8. Mr. Mills opined that he believed Mr. Thomas mentioning the knife surprised Officer Berkshire. Exhibit 3, p. 53 line 4-10.

9. In his report, Colonel Mills notes there is no body cam video of any events listed on the first page of the narrative of Berkshire's report. Exhibit 2 at p. 2.

10. In his deposition, Colonel Mills stated that what is contained in the first page of Officer Berkshire's police report is not backed up or validated by the testimony of Meri Aumick, a witness to the event. Exhibit C at p. 78, line 20-24.

11. Colonel Mills' report offers the opinion that in addition to the events not appearing in the body camera, Meri Aumick states Shane Aumick ran away before Officer Berkshire arrived. Mills then opines that "I see no reason to embellish the actions of the officer other than self-aggrandizement. If the facts are purposely false, then the report is a false report." Ex. B at p. 3-4.

12. In his deposition, Colonel Mills was asked to explain this opinion and he said:

> I don't believe, based on the facts that I view, that Berkshire disarmed Aumick with a knife. I don't believe that. The facts do not appear to support that.
>
> It appears to me, and it's very obvious, that he was surprised by the fact there was a knife because Meri Aumick told him there was a knife.
>
> So the note that [Berkshire] disarmed [Aumick] with one hand, again implausible, causes me to doubt any and all. And that's probably the nature of my background to do that, but this specifically – I believe [Berkshire] made up the first page of the report.

Ex. C at p. 107, line 4-24.

13. Colonel Mills then agreed that regardless of whether the report was true or not, that has no relevance to his opinions regarding the restraint technique Berkshire used on Aumick that is alleged to have led to his death. Ex. C at p. 107, line 25 – p. 108, line 5.

## Standard of Review

Expert testimony is admissible if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The testimony must relate to "scientific, technical, or other specialized knowledge;" the witness must be "qualified as an expert by knowledge, skill, experience, training, or education;" and the testimony must be

3

based on sufficient facts or data, must be the product of reliable principles and methods, and the witness must have applied the principles and methods reliably to the facts of the case. *Id.*

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1973), the Supreme Court instructed trial courts to also consider the following factors when deciding whether to allow expert testimony: "(1) whether the methodology can and has been tested; (2) whether the technique has been subjected to peer review and publication; (3) the known or potential rate of error of this methodology; and (4) whether the technique has been generally accepted in the proper scientific community." *Thierfelder v. Vireo Inc.,* 502 F.Supp. 2d 1025, 1030 (W.D. Mo. 2007). In *Daubert,* the Supreme Court instructed the trial courts, as gatekeepers of expert testimony, to undertake the "task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert,* 509 U.S. at 597.

In addition to Fed. R. Evid. 702, the Court must consider other rules of evidence in determining whether to allow certain testimony. Fed. R. Evid. 104(a) states as follows: "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." The rules of evidence further provide that only relevant evidence be admitted and that any relevant evidence should be excluded if, "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Court acts as a gatekeeper for all expert testimony, ensuring that it is "not only relevant but reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); Under Federal

Rule of Evidence 702, expert testimony is admissible where (1) the testimony is "based on scientific, technical, or other specialized knowledge," and is "useful to the finder of fact in deciding the ultimate issue of fact.," i.e., it is relevant; (2) the expert is "qualified to assist the finder of fact;" and (3) "the proposed evidence[is] reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires." *Johnson v. Mead Johnson & Co.*, LLC, 754 F.3d 557, 561 (8th Cir. 2014).

While an expert may offer opinions that embrace the ultimate issue in the case, Fed. R. Evid. 704(a), "[o]pinions that 'merely tell the jury what result to reach' are not admissible." *Lee v. Andersen*, 616 F.3d 803, 809 (8th Cir. 2010) (quoting Fed. R. Evid. 704 advisory committee's note). "Courts must guard against invading the province of the jury on a question which the jury is capable of answering without the benefit of expert opinion. *Robertson v. Norton Co.*, 148 F.3d 905, 908 (8th Cir. 1998).

**Argument**

The Eighth Circuit has held repeatedly that an expert may not opine on a factual matter on which the jurors are entirely capable of making a determination, or opine on witness credibility. *See Lee v. Andersen*, 616 F.3d 803, 809 (8th Cir. 2010); *Engesser v. Dooley*, 457 F.3d 731, 736 (8th Cir. 2006); *Westcott v. Crinklaw*, 68 F.3d 1073, 1076-77 (8th Cir. 1995). But that is precisely what Colonel Mills is doing when he opines about events not depicted in the body camera footage. Colonel Mills opinion is that the certain events Officer Berkshire said happened, did not happen, because another witness, Mari Aumick, says they did. Therefore, Mills opines that Officer Berkshire wrote a false report. He also opines that Officer Berkshire did not know a knife was present because he asked witness Houston Thomas about a knife.

5

The jury in this matter is quite capable of determining which witnesses are telling the truth from hearing all the evidence at trial. There is no need for expert witness testimony for that. Mills' opinion here is nothing more than an attempt to opine on witness credibility and attempt to argue to the jury that it should be believe Plaintiff's witnesses over the Ava Defendants. Any testimony from Mills that certain testimony should be believed, while other testimony should be disregarded, should therefore be excluded.

Furthermore, any opinions from Mills that Officer Berkshire wrote a false report should also be excluded because this opinion is again just telling the jury it should not believe Officer Berkshire's testimony about what occurred and should find Plaintiff's witnesses more credible. Such opinions are improper for expert testimony, as the jury can determine from all the evidence if it believes the events described by Officer Berkshire occurred.

WHEREFORE, Defendants City of Ava and Berkshire respectfully requests this Court for an Order in Limine prohibiting Plaintiff's expert witness Hugh Mills from offering any opinions about what evidence should be believed, and what evidence should not be believed, and for any other relief deemed just and proper under the circumstances.

Respectfully Submitted,

SCHREIMANN, RACKERS & FRANCKA, L.L.C.

/s/ Ryan Bertels
Chris Rackers, #41894
Ryan Bertels, #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573/634-7580
573/635-6034 (facsimile)
cpr@srfblaw.com
rb@srfblaw.com

Attorneys for Defendant City of Ava, Missouri Police Department and Kaleb Berkshire

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon all parties of record, via the Court's filing system on June 30, 2022.

/s/ Ryan Bertels